FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 18, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARCELLO SANTOS-MESA,<br><br>Defendant. | No. 1:18-CR-2027-SMJ<br><br>ORDER GRANTING DEFENDANT'S MOTION TO REVIEW FURLOUGH ORDER AND SETTING CONDITIONS OF RELEASE<br><br>U.S. MARSHALS ACTION REQUIRED |

On July 18, 2018, the Court held a hearing on Defendant Marcello Santos-Mesa's Motion for Reconsideration of the Detention Review Hearing, ECF No. 32. The Court granted the motion at the conclusion of the hearing and imposed conditions for Defendant's furlough release. This order memorializes and supplements the Court's oral ruling.

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

**A.  Factual Background**

Defendant was indicted on April 10, 2018, for Conspiracy to Distribute 50 Grams or More of Actual (Pure) Methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(vii), 846. ECF No. 16. The United States Attorney's Office

**ORDER GRANTING DEFENDANT'S MOTION TO REVOKE
DETENTION ORDER AND SETTING CONDITIONS OF RELEASE** - 1

(USAO) moved for pretrial detention, and Defendant waived his right to a detention hearing. Accordingly, Magistrate Judge Dimke granted the USAO's motion for detention, and Defendant has been in custody at the Yakima County Jail pending trial on the aforementioned charges. At the time of this order, Defendant was in custody at the Benton County Jail.

Defendant is 43 years old and was born in Washington state. Defendant has a lengthy criminal record of minor offenses including several charges for possession of a controlled substance and driving without a license. Defendant also has numerous failures to appear or comply with terms of probation. Most notably, Defendant was convicted of possession of a controlled substance in 2014 and began a term of supervision on February 2, 2016. Since then, Defendant has had six violation processes and twelve infractions.

On July 11, 2018, Defendant's brother passed away unexpectedly. The family will be holding a viewing on Wednesday July 18, 2018, from 4:00 p.m. to 8:00 p.m., and the funeral service will occur the next day on Thursday July 19, 2018 at 11:00 a.m. at the Abundant Life Church in Yakima. Defense counsel represents that Defendant has a large family in Yakima and that one of Defendant's family members is prepared to pick him up at the Yakima County Jail before the viewing, return him to the jail following the viewing, and then pick him up for the funeral the next morning and return him to the jail after the funeral.

**ORDER GRANTING DEFENDANT'S MOTION TO REVOKE DETENTION ORDER AND SETTING CONDITIONS OF RELEASE** - 2

Defense counsel represents that she has spoken with AUSA Ben Seal and that he has no objection as long as the defendant has an armed police escort that is paid at his own expense. ECF No. 29 at 3.

Defendant moved for furlough release, and Magistrate Judge Dimke heard Defendant's motion July 17, 2018. Magistrate Judge Dimke granted the motion in part with the following conditions:

> Defendant may be temporarily released if he arranges and pays for 2 off-duty police officers to escort him for a private viewing with his deceased brother. No other family members may be present or aware of when it will be. Defense counsel may coordinate with the U. S. Marshal's to make those arrangements. Once notified of the proposed plan, the Court will issue an order.

ECF No. 31 at 1.

Defendant sought review of Magistrate Judge Dimke's order from this Court. ECF No. 32. Because of the compressed timeline in this case, the Court heard the motion on an expedited basis.

## APPLICABLE LEGAL STANDARD

The Bail Reform Act provides for review by the court with original jurisdiction of a detention order by a magistrate judge. 18 U.S.C. § 3145(b). A district court reviewing a magistrate judge's order concerning detention does so *de novo*, without deference to the magistrate judge's factual findings. *See United States v. Koenig*, 912 F.2d 1190 (9th Cir. 1990). However, the "court is not required to start over in every case, and proceed as if the magistrate's decision and findings did not

**ORDER GRANTING DEFENDANT'S MOTION TO REVOKE DETENTION ORDER AND SETTING CONDITIONS OF RELEASE** - 3

exist." *Id*. at 1193. The district court must, however, reach its own independent determination. *Id.* Accordingly, this Court conducts its own inquiry.

## II. ANALYSIS

A pretrial detainee does not have a constitutional right to be released from incarceration to attend a family member's funeral. *See Higgenbottom v. Racine Cty. Sheriff Dept.,* No. 13-cv-1333-JPS, 2015 WL 5512952, at *5 (Sept. 17, 2015 E.D. Wisc.) (collecting cases). Accordingly, the Court must analyze a motion for funeral furlough as it would any other motion for pretrial release. *See id.*

Under the Bail Reform Act, defendants awaiting trial may be released on personal recognizance or bond, conditionally released, or detained. *See* 18 U.S.C. § 3142(a). When determining whether to order continued detention, the Court conducts a two-step inquiry. First, the Court determines whether the defendant presents a "serious risk that such person will flee" or that the person "will endanger the safety of any other person or the community" if not detained. *United States v. Gentry*, 455 F. Supp. 2d 1018, 1020 (D. Ariz. 2006) (quoting 18 U.S.C. § 3142(f)(2)(A)). Second, if the Court finds the defendant poses a risk of flight or a threat to the safety of any other person or the community, it must then determine whether any set of conditions could "reasonably assure" the defendant's appearance and/or the safety of the community. *Id.*

Here, Defendant does not dispute that pretrial detention is appropriate in this case. Instead, Defendant challenges only Magistrate Judge Dimke's findings that the conditions of furlough release are necessary and appropriate to reasonably assure Defendant's appearance and the safety of the community during his brief period of release. Accordingly, the Court focuses its analysis on the conditions of release.

Magistrate Judge Dimke held that conditions of release existed that could guarantee Defendant's appearance and the safety of the community for this brief furlough period. Specifically, Magistrate Judge Dimke held that Defendant may arrange for a private viewing of his brother's body so long as no other family members are present or aware of the viewing and Defendant is accompanied by two armed, off-duty officers, paid at his own expense.

The conditions imposed by Magistrate Judge Dimke are not unreasonable and are consistent with—though more restrictive than—the recommendation of the AUSA. That said, Defendant's accompaniment by two armed officers to the scheduled viewing and funeral would also reasonably ensure his compliance and the safety of the community. Defendant is not charged with a violent crime and it is not clear to the Court why he must be segregated from his family for this short period of time. The Court therefore finds that it would also be sufficient to grant Defendant's request to attend the viewing from 4:00 p.m. to 8:00 p.m. and to attend

**ORDER GRANTING DEFENDANT'S MOTION TO REVOKE DETENTION ORDER AND SETTING CONDITIONS OF RELEASE** - 5

the funeral the following day from 11:00 a.m. to 4:00 p.m. if accompanied by two armed guards paid at Defendant's expense.

Accordingly, **IT IS HEREBY ORDERED**:

**1.** Defendant's Motion for Reconsideration of the Detention Review Hearing, **ECF No. 32**, and related motion to expedite, **ECF No. 33**, are **GRANTED.**

  *A.* Defendant may attend the viewing on July 18, 2018, from 4:00 p.m. to 8:00 p.m. The viewing will be held at Kieth & Kieth Funeral Home, 902 West Yakima Avenue, Yakima, Washington 98902.

  *B.* Defendant may also attend the funeral service and reception on July 19, 2018, from 11:00 a.m. to 3:00 p.m. The funeral and reception will be held at Abundant Life Church, 1014 Fair Avenue, Yakima, Washington 98109.

  *C.* If Defendant arranges for a private viewing, separate from his family, Defendant must be escorted, at all times, by two privately-retained law enforcement officers. If Defendant arranges to attend the viewing and funeral services in the presence of his family, Defendant must be accompanied, at all times, by three privately-retained law enforcement officers.

Defendant shall bear all costs for the private law enforcement escort.

**D.** If Defendant is able to make arrangements to attend the bereavement ceremonies, Defendant must be transported to and from the events by the United States Marshals Service unless the privately-retained law enforcement officers assume that function.

**2.** While on furlough release, Defendant is further subject to the following standard conditions of pretrial release:

*A.* Defendant shall not possess a firearm—including inoperable firearms—or any other destructive devices or dangerous weapons.

*B.* Defendant is further advised, pursuant to 18 U.S.C. § 922(n), it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to possess, ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

    **C.**    Defendant shall not commit any offense in violation of federal, state, or local law.

    **D.**    Defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with federal law. Defendant may not use or possess marijuana, regardless of whether Defendant has been authorized medical marijuana under state law.

**3.**    The officials at the jail where Defendant is currently housed must make Defendant available to the United States Marshals Service for transport consistent with this Order.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel, the U.S. Marshals Service, and the U.S. Probation Office in Yakima.

**DATED** this 18th day of July 2018.

_[signature]_
SALVADOR MENDOZA, JR.
United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION TO REVOKE DETENTION ORDER AND SETTING CONDITIONS OF RELEASE** - 8