FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 18, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>MARCELLO SANTOS-MESA,<br><br>  Defendant. | No.   1:18-cr-02027-SMJ-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE** |

Before the Court, without oral argument, is Defendant Marcello Santos-Mesa's Construed Motion to Reduce Sentence. ECF No. 63. The Court has reviewed the record in this matter and is fully informed.

### BACKGROUND

The Court sentenced Defendant to a 135-month term of incarceration on March 14, 2019 after he pleaded guilty to one count of Conspiracy to Distribute 50 Grams of More of Actual (Pure) Methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii) and 21 U.S.C. § 846. ECF No. 61. Defendant now resides at USP Lompoc in Lompoc, California and is projected to be released on December 10, 2027. *BOP Inmate Locator*, BOP (last accessed May 17, 2021),

https://www.bop.gov/inmateloc/. Defendant will serve a five-year term of supervised release upon his release from prison. ECF No. 61.

Defendant initially asked the court to grant his immediate release from custody in light of the rate at which COVID-19 was spreading at his facility and the fact he suffers from hypertension, high cholesterol, sleep apnea, obesity, diabetes and a hernia. ECF No 63.  Defendant asserted that he was at a heightened risk due to his underlying medical conditions. *Id*. To facilitate Defendant's request and pursuant to General Order No. 20-9-1, the Court appointed CJA Panel counsel on September 10, 2020, to represent Defendant to determine whether Defendant was eligible for relief, and, if so, proceed with the representation. *See* ECF Nos. 67, 68. However, on April 8, 2021, defense counsel filed a status report notifying the Court that, in light of the fact Defendant has received his COVID-19 vaccination, counsel did not believe Defendant was eligible for relief under 18 U.S.C. §3582(c)(1)(A). ECF No. 75.  Former counsel communicated to Defendant that he had a right to proceed *pro se* and, to that end, the Court entered an order granting Counsel's Request to Withdraw and Setting Revised Briefing Schedule. ECF No. 76. Defendant was instructed to file a status report with the Court no later than May 7, 2021, should he wish to proceed *pro se*. *Id*. at 2. Defendant filed no such report.

# LEGAL STANDARD

Defendant seeks early release pursuant to 18 U.S.C. § 3582(c), which permits a sentence reduction if, after considering the sentencing factors set out in 18 U.S.C. § 3553(a), the Court finds "extraordinary and compelling reasons"[1] justifying a reduction. 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. §1B1.13 cmt. n.1(D). Such relief is available only "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* § 3582(c)(1)(A); U.S.S.G. § 1B1.13.

---

[1] The sentencing guideline applicable to motions such as Defendant's has not been amended since passage of the First Step Act of 2018, prior to which only the Bureau of Prisons could move for compassionate release on a defendant's behalf. The guideline thus provides that only the Bureau of Prisons may designate an extraordinary and compelling reason warranting early release. *See* U.S.S.G. § 1B1.13 cmt. n.1(D). Although there is some division among the district courts, most conclude the First Step Act was intended to vest the district courts with independent discretion to identify extraordinary and compelling reasons. *See, e.g., United States v. Beck*, 425 F. Supp. 3d 573, 579–80 (M.D.N.C. 2019); *United States v. Magana*, Case No. 2:16-cr-0183-TOR, ECF No. 32 at 4–5 (E.D. Wash. July 7, 2020); *but see United States v. Lynn*, No. CR 89-0072-WS, 2019 WL 3805349, at *3 (S.D. Ala. Aug. 13, 2019) (holding only Bureau of Prisons permitted to identify extraordinary and compelling reasons). This Court finds the majority approach most persuasive and thus proceeds to independently evaluate whether Defendant has established extraordinary and compelling circumstances warranting early release.

## DISCUSSION

After a review of the materials Defendant submitted along with his Supplemental Motion for Compassionate Release, the Court concludes that Defendant has failed to establish "extraordinary and compelling reasons" warranting a reduction in his sentence to time served. Although Defendant alleged that he was suffering from several conditions which could increase his susceptibility to COVID-19, it appears that Defendant has since received his COVID-19 vaccinations. *See* ECF No. 75 at 1–2. Further, after CJA counsel determined he did not believe Defendant was eligible for relief, Defendant did not comply with the Court's order to file a status report confirming his desire to proceed *pro se*. On this record, the Court simply cannot find that Defendant has established extraordinary and compelling reasons warranting his release from prison after only serving approximately three-and-a-half years of a 135-month sentence.

//
//
//
//
//
//
//

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE – 4

Accordingly, **IT IS HEREBY ORDERED**:

Defendant's Marcello Santos-Mesa's Construed Motion to Reduce of Sentence, **ECF No. 63**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel and *pro se* Defendant Marcello Santos-Mesa.

**DATED** this 18th day of May 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge